IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RELVY ESQUIVEL, ) | | |
| ID # 37446-177, ) | | |
| Movant, ) | | No. 3:15-CV-3688-L (BH) |
| vs. ) | | No. 3:08-CR-0174-L (1) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas petition filed under 28 U.S.C. § 2241 should be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and transferred to the United States Court of Appeals for the Fifth Circuit as a successive motion.

### I. BACKGROUND

On November 16, 2015, Relvy Esquivel (Movant), an inmate in the federal prison system, filed *Petitioner's Memorandum of Law and Facts pursuant to Original 2241 (Great Writ Act) (c)(3)*. He listed the underlying criminal case number, No. 3:08-CR-174-L, and named the United States of America as respondent. (*See* doc. 2).

Movant pled guilty to possession with intent to distribute a controlled substance and was sentenced to 240 months imprisonment, followed by a four-year term of supervised release, on February 2, 2009. (No. 3:08-CR-174-L, docs. 12, 19). He filed a notice of appeal on February 5, 2009, and the Fifth Circuit affirmed his conviction and sentence in an unpublished opinion on November 2, 2009. *United States v. Esquivel*, No. 09-10151 (5th Cir. Nov. 2, 2009). He did not file a petition for writ of certiorari with the Supreme Court.

Movant subsequently filed a motion to vacate pursuant to § 2255, and it was denied on its merits. *United States v. Esquivel*, No. 3:10-CV-2417-L (N.D. Tex. Nov. 26, 2012). Movant then filed a successive § 2255 motion, and that motion was transferred to the Fifth Circuit. *Esquivel v. United States,* No. 3:14-CV-1911-L (N.D. Tex. June 17, 2014). The Fifth Circuit dismissed the motion on October 3, 2014. *In re: Relvy Esquivel,* No.14-10691 (5th Cir. Oct. 3, 2014). Movant has now filed a petition under 28 U.S.C. § 2241 alleging that counsel made him promises regarding his potential sentence that show counsel was actually acting on behalf of the government, in violation of Movant's rights under the Fifth and Sixth Amendments. (doc. 2, at 1, 3).

## II. NATURE OF SUIT

Although Movant filed his petition under § 2241, his claims that he was denied effective assistance of counsel properly arise under § 2255. (doc. 2. at 1, 3). Section 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing," whereas § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). A petition filed under § 2241 is not a substitute for a § 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.*, by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be enter-

2

tained under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830. A petitioner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 452-53 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

In order to show that § 2255 is either ineffective or inadequate to test the legality of his detention, Movant must demonstrate that: "(1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in prior § 2255 petition." *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

Movant has not met his burden to show that § 2255 is inadequate to test the legality of his detention. He is attempting to bypass the bar on successive motions to vacate by filing a § 2241 petition. His filing should therefore be construed as a motion to vacate under § 2255 challenging his federal conviction and sentence in the underlying criminal case. *See Pack*, 218 F.3d at 452.

3

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Movant has already filed a § 2255 motion that was denied on the merits and a successive § 2255 motion that was transferred to the Fifth Circuit. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* movant was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in his first § 2255 motion, which was denied on its merits. Because he now raises claims that he could have raised in his earlier motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303

F. App'x 241 (5th Cir. Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Movant contends that he was denied the effective assistance of counsel at the plea bargaining stage because counsel effectively acted on behalf of the government. (doc. 2 at 1, 3). Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider this new § 2255 motion.

### IV. RECOMMENDATION

The Court should construe the petition filed under 28 U.S.C. § 2241 as a motion to vacate under 28 U.S.C. § 2255, and should **TRANSFER** it to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127

5

F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 19th day of November, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE