IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RELVY ESQUIVEL, #37446-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:15-CV-3688-L** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Petitioner Relvy Esquivel's ("Petitioner") *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The case was referred to Magistrate Judge Irma Castillo Ramirez for pretrial management, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on November 19, 2015, recommending that the court construe the petition filed 28 U.S.C. § 2241 as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and transfer the action to the United States Court of Appeals for the Fifth Circuit as a successive emotion. No objections to the Report were filed.

Petitioner filed this action on November 16, 2015, naming the United States as the respondent and listing the underlying case number, No. 3:08-CR-174-L. In the underlying case, Petitioner pleaded guilty and was sentenced to a term of 240 months imprisonment and four years supervised release. Petitioner appealed his conviction and sentence on February 5, 2009, which were subsequently affirmed by the Fifth Circuit on November 2, 2009. Petitioner has previously filed two motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The first motion was denied on its merits, and the second was transferred to the Fifth Circuit as a successive motion and subsequently dismissed.

Petitioner's current action for habeas relief pursuant to 28 U.S.C. § 2241 seeks to collaterally challenge the validity of his federal sentence. Petitioner contends that his attorney was an agent of the Government, and therefore, his Fifth and Sixth Amendment rights were violated. Petitioner asserts that he was misled into thinking his sentence would be lower than he actually obtained if he pleaded guilty. His claim challenges his underlying conviction and not the manner in which his sentence is being executed. Petitioner's claim arises under § 2255 and should be construed as such. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

28 U.S.C. § 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citation omitted). When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed.

Having reviewed the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **construes** Petitioner's habeas petition filed under 28 U.S.C. § 2241 as a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255; **directs** the clerk of the court to **transfer** Petitioner's section 2255 motion to the Fifth Circuit for determination; and **dismisses** this action for lack of subject matter jurisdiction.[*]

---

[*] An order transferring a successive application to the court of appeals is not a final order requiring a certificate of appealability. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015).

**Order – Page 2**

**It is so ordered** this 25th day of January, 2016.

_____
Sam A. Lindsay
United States District Judge